UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOLDEN LAW OFFICES, P.C.,
individually and on behalf
of similarly situated individuals,

          Plaintiff,

   v.

U.S. VISION, INC., d/b/a
MEIJER OPTICAL,

          Defendant.
_____/

Case No. 16-cv-18

**COMPLAINT - CLASS ACTION**

1. Plaintiff Golden Law Offices, P.C., brings this action, individually and on behalf of similarly situated individuals, to secure monetary and injunctive redress for the illegal actions of U.S. Vision, Inc., in faxing or causing to be faxed an unsolicited advertisements that also fail to include the required opt-out notice, in violation of the Telephone Consumer Protection Act.

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 47 U.S.C. § 227 (TCPA). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *see also American Copper & Brass, Inc. v. Lake City Indus. Prods.*, 757 F.3d 540 (6th Cir. 2014).

3. Venue and personal jurisdiction in this District are proper because Defendant committed tortious acts within the District by the transmission to Plaintiff of two faxes, copies of which are attached hereto as Exhibit A and Exhibit B.

4. Plaintiff received the fax, a copy of which is attached as Exhibit A, and approximately one hour later received another fax, a copy of which is attached as Exhibit B, (collectively the "subject form fax").

5. Defendant is responsible for causing to be sent and/or the sending of the subject form fax.

6. Defendant is the entity whose products or services were advertised in the subject form fax.

9. Plaintiff had no prior established business relationship with Defendant and had not authorized the sending of the subject form fax to it.

10. The TCPA makes unlawful the, "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ." 47 U.S.C. §227(b)(1)(C).

11. The subject fax does not contain an opt-out notice as required by the TCPA. 47 C.F.R. §§ 64.1200(a)(4)(ii), (iii); *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013); 21 FCC Rcd 3783 * 3800-3801 (Apr. 6 2006).

12. Plaintiff and each class member has suffered actual damages as their right of privacy was invaded, time to ascertain whether the fax was junk and dispose of it was needlessly expended, or ink and toner belonging to them was converted.

13. Because such advertisements in the form of subject form fax are blasted in bulk, not just sent to one person, and that Plaintiff received two of the same faxes within approximately one hour, on information and belief more than 40 faxes in the form of the subject form fax were sent within four years of the filing this Complaint.

14. "Class certification is normal in litigation under §227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients." *Turza*, 728 F.3d at 684 (*citing Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)); *American Copper & Brass, Inc. v. Lake City Indus. Prods.*, 2012 U.S. Dist. LEXIS 102207

(W.D. Mich. July 24, 2014) (granting class certification in a TCPA case) *appeal denied In re Lake City Indistrial [sic] Prods. Inc.,* No. 12-0108, 2013 U.S. App. LEXIS 4176, 2013 WL 414652 (6th Cir. Jan. 9, 2013).

15. Plaintiff seeks to represent and have certified a class of all persons who were successfully sent a subject form fax within four years prior to the date of the filing of this Complaint.

WHEREFORE, Plaintiff requests that the Court enter:

a. Certify that this matter may proceed as a class action;

b. Enter judgment in favor of Plaintiff and the class and against Defendant for damages, including damages allowed under the TCPA;

c. Enter judgment in favor of Plaintiff and the class and against Defendant for Injunctive relief;

d. Enter a determination that Plaintiff is an adequate class representative,

e. Award Plaintiff a fair, reasonable and adequate incentive award; and

f. Costs of suit.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
Warner Law Firm, LLC
350 S. Northwest HWY Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

**DOCUMENT PRESERVATION REQUEST**

PLEASE TAKE NOTICE that Defendant is requested to preserve all documents that relate to the identity of any potential putative class members going back four years from the filing of this complaint, including all fax logs, fax numbers, address and names.  Defendant is requested to preserve any and all documents which show any expressed prior consent to receive the subject form fax.  Defendant is requested to preserve any and all documents that show any established business relationship with any potential putative class members.

                Respectfully submitted,

                s/ Curtis C. Warner
                  Curtis C. Warner

Curtis C. Warner (P59915)
Warner Law Firm, LLC
350 S. Northwest HWY Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com