UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOLDEN LAW OFFICES, P.C.,

    Plaintiff,

v.

                                      Case No. 1:16-CV-18

U.S. VISION, INC.                      HON. GORDON J. QUIST

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT

    Plaintiff, Golden Law Offices, P.C., filed a class action complaint against Defendant, U.S. Vision, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Plaintiff later amended its complaint to remove the class allegations. Following that amendment, Defendant filed a motion for summary judgment and Plaintiff filed a cross-motion for summary judgment. Plaintiff also moved for sanctions against Defendant's counsel. Thereafter, Plaintiff filed a notice stating that it had accepted an offer of settlement from Defendant that mooted the pending motions for summary judgment but not Plaintiff's request for sanctions. Defendant responded with a reply brief in support of its motion for summary judgment stating, in part, that Plaintiff has refused to sign a settlement agreement. Thereupon, Plaintiff filed a motion to enforce settlement, to which Defendant has responded. That motion is now before the Court.

    The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it." *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986). "Once concluded, a settlement

agreement is as binding, conclusive, and final as if it had been incorporated into a judgment and the actual merits of the antecedent claims will not thereafter be examined." *Id.* at 283. A court may enforce a settlement agreement only if it concludes that the parties have reached agreement on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

Plaintiff argues that Defendant offered to settle all Plaintiff's claims for $5,131.25, and that Plaintiff accepted that offer. Plaintiff asserts that the settlement between the parties did not address Plaintiff's motion for sanctions, however, and that Plaintiff is still free to seek sanctions. Defendant responds that it never agreed to a partial settlement of the case that would allow Plaintiff to continue to litigate the issue of sanctions.

On May 13, 2016, Plaintiff's counsel made a settlement demand to Defendant for $4,500 in statutory damages, $631.25 in costs, and $6,500 in attorney's fees. (ECF No. 51-1.) Defendant's counsel responded that it rejected that offer and counter-offered $2,500 plus costs. (*Id.*) Plaintiff's counsel then responded by increasing its settlement demand. (*Id.*) Thereafter, the settlement discussions stalled. (*Id.*) On May 26, 2016, however, Plaintiff's counsel sent an email to Defendant's counsel stating that if Defendant "wants to pay the full value of the claim ($4,500 and costs) and for the attorney's fees expended in responding to [Defendant's] vexatious and frivolous motion and refusal to fully participate in discovery, please have Defendant make a settlement demand." (*Id.*) Defendant's counsel responded with an email stating that "Defendant hereby offers 100% of the claimed damages or $5,131.25." (ECF No. 49-1.) Plaintiff's counsel responded with an e-mail stating that "Plaintiff accepts Defendant's offer of $5,131.25." (ECF No. 49-2.) This exchange makes clear that the parties settled the case for $5,131.25.

Plaintiff now argues that, although the parties reached a settlement agreement, Plaintiff may continue to pursue its motion for sanctions against Defendant. Plaintiffs' assertion is belied by the

email exchange between the parties - Defendant clearly, without equivocation, offered $5,131.25 as full settlement, and Plaintiff accepted the offer without reservation. After Defendant's offer of $5,131.25, there was not even a hint that Plaintiff reserved the right to continue to litigate its motion for sanctions or any other matter. Even after Defendant requested that Plaintiff file dismissal papers with the Court, Plaintiff did not mention that it intended to pursue the motion for sanctions, but simply insisted that Defendant send a check.

This Court may only enforce "the terms of settlement as agreed to by the parties," and may not "alter the terms of the agreement." *Brock*, 841 F.2d at 154. In this case, the parties agreed to settle the case for $5,131.25. Once Defendant made its amount-certain offer, Plaintiff never reserved any alleged right to continue litigating the issue of sanctions or other fees.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 48) is **GRANTED in part and DENIED in part.** The case is settled for $5,131.25.

Judgment for $5,131.25 will be entered.


Dated: July 26, 2016                                     /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE